# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LEONARD GREENBERG,**

                  **Plaintiff,**

**-vs-**                                     **Case No.  6:10-cv-1135-Orl-31KRS**

**ORANGE COUNTY HOUSING AND
DEVELOPMENT, BARBARA HOLMES,**

                  **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **August 2, 2010** |

## I.   PROCEDURAL HISTORY.

       On August 2, 2010, Plaintiff Leonard Greenberg, appearing *pro se*, filed a complaint against Defendants Orange County Housing and Development and Barbara Holmes.  Doc. No. 1.  Greenberg purportedly seeks "to keep my sec. 8 . . . housing and to put a hold on the outcome of the hearing I had with the County that was unfair . . . ."  *Id.* at 2.  He alleges, among other things, that the Defendants failed to consider evidence of his mental health concerns, failed to provide him his lease

information sheet within thirty days as required, and failed to give him any documents that he needed for his hearing. Greenberg also filed a motion to proceed *in forma pauperis*. Doc. No. 2.

## II.     STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Greenberg's amended complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490. Under this standard, a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure.  *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

### III.   ANALYSIS.

As an initial matter, Greenberg does not specify any federal constitutional or statutory provisions that he alleges the Defendants violated.  He mentions "sec. 8" in his complaint but does not specify the particular federal statute that he alleges Defendants violated.  I note that section 8 of the federal housing program, 42 U.S.C. § 1437f,  does not provide for a civil cause of action by tenants to enforce the statute and there does not appear to be an implied cause of action.  *See Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.*, 792 F. Supp. 1566 (S.D. Fla. 1992).  As such, it does not appear that this Court could exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331.

For the Court to exercise diversity jurisdiction over Greenberg's claims, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332. Greenberg does not make any allegations regarding his residency or the residency of either of the two Defendants.  Nor does he allege the amount in controversy.  His allegations are therefore insufficient for the Court to determine whether it should exercise diversity jurisdiction.  Because the complaint does not establish that this Court can exercise subject-matter jurisdiction in this case, it must be dismissed.

Furthermore, the allegations of Greenberg's complaint fail to set forth sufficient facts demonstrating that Greenberg is entitled to relief for the alleged wrongs.  *See Iqbal*, 129 S. Ct. at 1949-50.  In addition, Greenberg failed to separate the various causes of action into separate counts, to allege which of the Defendants is allegedly liable as to each cause of action, and what each Defendant did to cause harm to Plaintiff.  Greenberg's complaint, therefore, fails to state a claim upon which relief can be granted.

The United States Court of Appeals for the Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should normally be given leave to amend.  *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

Should the Court determine that leave to amend should be granted, Greenberg must set forth in his amended complaint the specific statutory or constitutional basis for each of his claims, and shall set forth each claim in a separate count of the complaint.  Fed. R. Civ. P. 10(b).  If he contends that the Court could exercise diversity jurisdiction, he should allege the citizenship of each party and the amount in controversy.  He should clearly describe how the Defendants are involved in each of the alleged violations.  Generally, one cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated or directed such action and/or omission that resulted in the claimed injury.  Also, Greenberg must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of Defendants) with respect to each claim.[1]  Alternatively, Greenberg may file a complaint in state court.

Should the Court permit Greenberg to file an amended complaint, it should also permit him to file a renewed motion to proceed without prepayment of fees with the amended complaint.

## IV.    RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court:

1.    **DENY** the motion to proceed *in forma pauperis* without prejudice, Doc. No. 2**;**

2.    **DISMISS** the complaint without prejudice, Doc. No. 1;

---

[1]  Greenberg was previously advised of all of these requirements in *Greenberg v. McKinley Properties*, Case No. 6:10-cv-341-Orl-31KRS, Doc. Nos. 3, 12.

3.     **PERMIT** Plaintiff to file an amended complaint and renewed motion to proceed

in forma pauperis within twenty-one (21) days of the Court's order; and

4.     **DIRECT** the Clerk to close the case if an amended complaint is not timely filed.

Failure to file written objections to the proposed findings and recommendations contained in

this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 5, 2010.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy